ADOLPHUS M. ALLEN, APPELLEE, V. DAWSON COUNTY ET
AL., APPELLANTS.

FILED JANUARY 16, 1913.   No. 16,919.

1. **Taxation:** LISTING PROPERTY. One who takes cattle and hogs upon
his farm to keep and feed for a nonresident of the county has
control of them for the owner, within the meaning of section 10927,
Ann. St. 1911, and is required to list such property for taxation.

2. ———: INJUNCTION. If such stock is assessed in the name of the
person so in control of such stock on the 1st day of April, and he
purchases the same after that date, but before they are actually
assessed, and afterwards disposes of the stock, he cannot enjoin
the collection of the tax against his property generally on the
ground that he was not the owner of the stock on the 1st day of
April.

APPEAL from the district court for Dawson county:
BRUNO O. HOSTETLER, JUDGE. *Reversed with directions.*

*T. M. Hewitt* and *E. A. Cook,* for appellants.

*Warrington & Stewart,* contra.

SEDGWICK, J.

The plaintiff began this action in the district court for
Dawson county to enjoin the collection of a personal prop-
erty tax. The district court enjoined the tax perpetually
as prayed, and the county has appealed.

There is no substantial conflict in the evidence. It ap-
pears that the plaintiff is the owner of a farm in Dawson
county, and that some months prior to the 1st day of
April, 1909, one Wulff, of South Omaha, sent several hun-
dred head of cattle and some hogs to the plaintiff's farm,
where they were kept and fed. The plaintiff testified that
while the cattle were on his farm one William Kountz, who
was sent out by Mr. Wulff, had charge of them. The cat-
tle were, however, in plaintiff's yards and were being fed
with plaintiff's hay. He testified that Wulff "was to pay
me for my teams and men, and for the engine and steam

for grinding and preparing the feed." Without doubt the cattle were in the plaintiff's control within the meaning of the statute. Mr. Wulff, plaintiff testifies, "is a stock-broker, commission man at South Omaha." He also testifies that soon after the 1st day of April, and before the cattle were actually listed for assessment, he bought the cattle and hogs, and still continued to keep them on his farm. The evidence shows that the assessor went to his farm to assess the plaintiff about the 1st day of April, and the plaintiff was not at home. Soon afterwards he called there again, and the plaintiff informed him that he was sick and unable to attend to the matter. The third time he called in the latter part of May, and, the plaintiff still not being at home, the assessor conferred with the men who were in charge of the plaintiff's farm in his absence, and they listed the cattle and hogs, and one of them signed the assessment schedule, signing the plaintiff's name, "by Charles Fletcher," without specifying the capacity in which he signed it. Plaintiff claims that the tax was void because the property was not his property on the 1st day of April and ought not to have been assessed to him. There appears to be no other question presented; and it is not claimed that the property was assessed or taxed, unless this assessment and tax is valid.

We think the district court was in error in enjoining the tax. Section 10927, Ann. St. 1911, requires that every person shall list all personal property controlled by him as the agent or on account of any other person, county or corporation whatsoever. It was then the duty of this plaintiff to list this property as property under his control on the 1st day of April. If he had done so, he would have had a lien upon the property "for the taxes thereon until he is indemnified against the payment thereof." Ann. St. 1911, sec. 10915. If the property had been properly assessed as the property of Mr. Wulff in the name of this plaintiff as his agent, it would have been the duty of the plaintiff to keep possession of the property until he was indemnified, and would of course require him to see that

the taxes were paid. Soon after the 1st day of April, and before the assessment, he bought these cattle himself, and he cannot now be heard to say that he is not liable for the taxes.

The judgment of the district court is reversed and the cause remanded, with instructions to dismiss the action.

REVERSED.